**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | BK No. 15 -3023 |
| | ) | Chapter 7 |
| YOUNG HO CHOI and | ) | Hon. Thomas M. Lynch |
| KUM JU CHOI, | ) | |
| | ) | Objection Presentment: |
| Debtors. | ) | 01/20/2016 @ 9:30 a.m. |

## DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

NOW COMES the Debtors, YOUNG HO CHOI and KUM JU CHOI, by their attorney, Dickson Law Group, LLC, and hereby answer and respond in objection to Trustee's Objection to Debtors' Claim of Exemptions, filed with the Court in this case on January 7, 2016 as Docket Number 21 ("Trustee's Objection"), as follows:

### Introduction

1.  The Debtors, YOUNG HO CHOI and KUM JU CHOI, operated a dry-cleaning business under the assumed name "Q Cleaners" from prior to 2009 until September 2, 2015. The Debtors have been employed in the dry-cleaning business since 1986. The Q Cleaners business was closed on September 2, 2015 because their landlord evicted them from the storefront.

2.  The Trustee objects to application of the tools-of-the-trade and wildcard exemptions to Debtors' dry-cleaning equipment. Debtors disclosed certain items of dry-cleaning equipment worth $4,500.00 on their bankruptcy petition and exempted $3,000.00 of its value with the tools-of-the-trade exemption (735 ILCS 5/12-1001(d)) and exempted the remaining $1,500.00 with part of their wildcard exemption (735 ILCS 5/12-1001(b)).

3. The basic substance of Trustee's Objection is two-fold. First, the Trustee asserts that because "the debtors were not employed as of the date of the bankruptcy filing herein. . . the debtors are not entitled to claim an exemption as a tool of the trade in the aforesaid dry-cleaning equipment." *See* Trustee's Objection, Dkt. 21, ¶ 7. If the tool-of-the-trade exemption falls, Trustee argues that there is no remaining exemption upon which to stack Debtors' wildcard exemption. *See id.*

4. The fundamental question before the Court is: *Can Debtors who are involuntarily or temporarily unemployed on the date of their bankruptcy petition claim the tools-of-the-trade exemption for business equipment?* To answer this question, the Court should adopt the test propounded in *In re Banke*, 275 B.R. 317 (Bankr. N.D. Iowa 2002). The *Banke* test provides five-factors for the Court to consider to judge the sincerity of the Debtors' intention to regain employment in their pre-bankruptcy trade and how reasonable their prospects are to do so. Each of the five factors set forth in *Banke* militate in favor of permitting Debtors' use of the tools-of-the-trade exemption and denying Trustee's Objection.

**Local Rule 5005-3(A) Statement**

5. Debtors admit the allegations of Paragraphs 1 through 6 of Trustee's Objection. Debtors deny the legal conclusion set forth in Paragraph 7 of Trustee's Objection. This entire Response is in response to the allegations and conclusions of that Paragraph 7. So that this Response is remotely readable, in lieu of "first setting forth the complete content of the paragraph to which the response is directed, and then setting forth the response," as the local rule requires, it should be assumed that each and every statement set forth in this Response is in response to that Paragraph 7.

**Statement of Undisputed Facts**

6. The following issues of fact relevant to Trustee's Objection are not disputed by the Trustee's Objection:

A. That Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on December 3, 2015. (*See* Trustee's Objection, Dkt. 21, ¶ 1.)

B. That Debtors were in the business of operating a dry-cleaning business under the assumed name "Q Cleaners" from prior to 2009 until September 2, 2015. (*See* Trustee's Objection, Dkt. 21, ¶ 3.)

C. That the dry-cleaning equipment disclosed on Debtors' petition was business equipment used at Q Cleaners and not used in a non-business capacity by Debtors. (*See* Trustee's Objection, Dkt. 21, ¶ 7 (if the Trustee is arguing that the wildcard exemption is unavailable to Debtors, this must imply that this is business equipment).)

D. That all of said property is in fact dry-cleaning equipment used in the normal course of a dry-cleaning business. (*See generally* Trustee's Objection, Dkt. 21 (characterizing the property as "dry-cleaning equipment" throughout).)

E. That the Debtors involuntarily shut down their dry-cleaning business on or about September 2, 2015, the day before an eviction order dispossessing them of their storefront became enforceable. (*See* Trustee's Objection, Dkt. 21, ¶ 4.)

**Argument**

I. **The "standard analysis" of the issue before the Court is to ask whether Debtors intend to continue their business and whether Debtors have reasonable prospects to return to the business. Debtors do have such intentions and prospects.**

7. In *In re Weimann*, 2009 WL 383426 (Bankr. C.D. Ill. Feb. 13, 2009), the Court addressed a nearly identical factual situation. One of the *Weimann* Debtors operated a business that rented boats to beachgoers. The *Weimann* Debtors sought to exempt "a trailer, boats, life jackets, and oars" as tools of the trade pursuant to 735 ILCS 5/12-1001(d). *See id.*, at *2. The *Weimann* Debtors suspended their boat rental business in the year prior to their bankruptcy filing "due to [a co-debtor's] financial difficulties and for health reasons." *Id.*, at *2. The *Weimann* Trustee—as the Trustee of this case has—objected to application of the tools-of-the-trade exemption for the boat-business equipment, arguing that because "the Debtors were not engaged in the boat rental business when they filed their petition, [] they should not be allowed a tools of the trade exemption for items related to that business." *Id.*, at *2.

8. The fact that the *Weimann* Debtors were not engaged in the business of renting boats on the date of their bankruptcy filing, or even in the year prior to their filing, did not block the *Weimann* Debtors' tools-of-the-trade exemption. Although whether the *Weimann* Debtors were employed in the trade on the date of their petition was relevant to the question of whether the Debtors were actually in the boat-rental trade, the Court's analysis did not stop there. The Court went inquired further whether the *Weimann* Debtors "intend[ed] to continue the boat rental business, and [had] reasonable prospects for returning to the business." *Id.* at *2, (*citing In re Tracy*, 2008 WL 5225840 at *1 (Bankr. D. Neb. Dec. 12, 2008); *In re Adams*, 2003 WL 924724 at *2 (Bankr. C.D. Ill. Feb. 27, 2003); and *Matter of Patterson*, 825 F.2d 1140, 1146 (7th Cir 1987)). The *Weimann*

Court found that the Debtors in fact did intend to continue their boat-rental business and had reasonable prospects to return to the business. Therefore, the *Weimann* Court denied the Trustee's objection to debtors' tools-of-the-trade exemption. *See id.*, at *2.

9. The case, *In re Adams*, 2003 WL 924724 (Bankr. C.D. Ill. Feb. 27, 2003) (cited above in *Weimann*) is similarly instructive. Referring to it as "the standard analysis for this issue," the *Adams* Court adopted the five-factor test set forth in *In re Banke*, 275 B.R. 317 (Bankr. N.D. Iowa 2002) to determine whether involuntarily or temporarily unemployed debtors may claim the tools-of-the-trade exemption. Those factors are:

　　1.　The intensity of the debtor's past business.

　　2.　The amount of time elapsed since the debtor left the business.

　　3.　The circumstances surrounding the temporary abandonment of the business.

　　4.　The sincerity of the debtor's intention to continue the business.

　　5.　The debtor's prospects for returning to the business.

*In re Adams*, 2003 WL 924724, at *2 (*quoting Banke, supra*).

10. Each of the factors of the *Banke* Test supports a finding that the Debtors should be allowed the tools-of-the-trade exemption. Debtors intend to return to the dry-cleaning trade and have reasonable prospects of doing so. As is supported by the attached Declaration of Co-Debtor, Kum Ju Choi (the allegations of which are incorporated herein), the only trade Debtors have worked in during their adult lives is dry cleaning. (*Banke* factor 1). Only four months have elapsed since the Debtors were forced to shut down their dry-cleaning business. (*Banke* factor 2). Debtors

involuntarily shut down their dry-cleaning business on September 2, 2015 because they were going to be evicted from their storefront on September 3, 2015. (*Banke* factor 3). The Debtors are not of retirement age and will have to seek employment to survive. Dry cleaning is the only trade Debtors know and have reasonable prospects of taking up post-discharge. The Debtors intend to start a new dry-cleaning business once their bankruptcy case is resolved. They will wait to start a new business until after the resolution of their bankruptcy case because of the cloud created by this proceeding on their dry-cleaning equipment. (*Banke* factor 4). Debtors have reasonable prospects to return to the dry-cleaning trade. (*Banke* factor 5).

**II.     Cases denying debtors the tools-of-the-trade exemption are typically resolved on issues not present in this case.**

11.     The cases denying debtors the Illinois tools-of-the-trade exemption are typically resolved on other grounds. *See, e.g., In re Docwacter*, Case No. 08-81220 (Bankr. C.D. Ill. Oct. 8, 2008) (debtor denied tools-of-the-trade exemption because she was *retired* not *unemployed* on the date of her petition and thus had no intention to resume her trade); *In re Stone*, 504 B.R. 908, (Bankr. C.D. Ill. Jan. 22, 2014) (debtor denied tools-of-the-trade exemption because mowing his neighbors' lawns was not debtor's means of livelihood). The Debtors in the instant case are neither retired nor will they be able to retire any time soon. There is no reasonable dispute that Debtors' livelihood was provided by the Q Cleaners dry-cleaning business.

**III.    The Trustee's draconian interpretation of the tools-of-the-trade exemption frustrates the public policy purpose of exemptions.**

12.     If the Court were to adopt the Trustee's position—that the tools-of-the-trade exemption is unavailable to Debtors who temporarily or involuntarily cease working in their trade on the petition date, no matter the circumstances—that position would result in absurd and

draconian results in other types of bankruptcy filings commonly before this Court. For example, the Trustee's position implies that carpenters, plumbers and other tradesmen who are laid off on the date of their bankruptcy filings would not be able to use the tools-of-the-trade exemption to retain possession of their tools and protect their livelihoods.

13. The fundamental policy purpose of the tools-of-the-trade exemption is "the humane principle, that a creditor should not wholly deprive the [Debtor] of the means of supporting his family, usually helpless in themselves, and preventing them from becoming a public charge." *In re Marriage of Logston*, 469 N.E.2d 167, 103 Ill.2d 266, 279 (Ill. 1984). Adopting a position that all tradesmen and artisans who are temporarily or involuntarily unemployed as of the date of their bankruptcy petition would severely and hinder the purpose of Illinois's exemptions.

**IV.  If the Court finds that the tools-of-the-trade exemption is available to Debtors for the property in question, the wildcard exemption can be stacked on top of it to fully exempt the equipment.**

14. Trustee's Objection objects to application of the wildcard exemption only if the tools-of-the-trade exemption is denied. Without saying as much, the Trustee's Objection concedes that the wildcard exemption can be stacked on a tools-of-the-trade exemption. Debtors agree and state that it is well settled in this Court that the wildcard exemption can be stacked with the tools-of-the-trade exemption. *See In re King*, 153 B.R. 229 (Bankr. N.D. Ill. April 14, 1993).

**Conclusion**

WHEREFORE, the Debtors, YOUNG HO CHOI and KUM JU CHOI, respectfully request that the Court deny Trustee's Objection to Debtors' Claim of Exemption, and grant them such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>YOUNG HO CHOI and KUM JU CHOI
>
>By: */s/ John P. Dickson*
>    Attorney

John P. Dickson (6303179)
DICKSON LAW GROUP, LLC
1301 Pyott Road, Suite 213
Lake in the Hills, IL 60156
(815) 317-5193 tel
(815) 317-5194 fax
john@dicksonlawgroup.com

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on **January 15, 2015**, we filed the attached **Debtors' Response to Trustee's Objection to Debtors' Claim of Exemption**, which hereby served upon you.

CERTIFICATE OF SERVICE

The undersigned, attorney of record for the Debtors, YOUNG HO CHOI and KUM JU CHOI, hereby certifies that a copy of the foregoing Notice of Filing and Certificate of Service was served on the parties listed below by the Court's CM/ECF system on **January 15, 2016**:

- U.S. Trustee, Patrick S. Layng, Office of the United States Trustee, Region 11, 780 Regent Street, Suite 304, Madison, WI 53715
- Bernard J. Natale, Bernard J. Natale, Ltd., 1639 N. Alpine Road, Suite 401, Rockford, IL 61107
- Todd J. Richman, *Attorney for Nationstar Mortgage, LLC*, Manley Deas Kochalski, LLC, P.O. Box 165028, Columbus, OH 43216-5028

By: */s/ John P. Dickson*
Attorney for Debtors

John P. Dickson (6303179)
DICKSON LAW GROUP, LLC
1301 Pyott Road, Suite 213
Lake in the Hills, IL 60156
(815) 317-5193 tel
(815) 317-5194 fax
john@dicksonlawgroup.com